IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WALTER BROOM,

                              Plaintiff,

   v.                                                       OPINION & ORDER

ATZALAN ENG. INC.,                               16-cv-262-jdp

                              Defendant.

---

Plaintiff Gary W. Broom, a resident of Ixonia, Wisconsin, has filed this proposed civil action in which he states that defendant Aztalan Engineering, Inc., terminated him from his job as a machinist. The court has already concluded that plaintiff may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct this problem.

ALLEGATIONS OF FACT

Plaintiff Gary W. Broom worked as a machinist at defendant Aztalan Engineering, Inc., located in Lake Mills, Wisconsin, starting in 2009. On June 23, 2015, plaintiff was terminated "for not being a team player." He was taken to human resources, where he was shown a piece of paper "not addressed to anybody, not dated, not signed, and alleged it was myself." As a result of his termination, plaintiff was forced to retire early and he lost his health coverage.

ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Plaintiff's allegations in this case fail to comply with these rules.

Based on his very brief allegations, it is difficult to tell why plaintiff believes he is entitled to relief from this court. Usually, when an employee brings a lawsuit alleging that he or she was wrongfully terminated, the employee will explain the basis for that claim: that the termination was due to discrimination of some kind or that it breached an employment contract, for instance. Plaintiff checked the box on the complaint form indicating that he is suing under state law, which perhaps indicates that he is not saying that he was discriminated against under federal law. But even so, plaintiff does not explain why he thinks defendant violated his rights by firing him. If plaintiff was an at-will employee, defendant has wide

discretion in deciding a reason for firing him, but plaintiff does not explain whether he is an at-will employee. Plaintiff mentions a "piece of paper . . . alleged [to be] myself," which raises the question whether he is saying that he was fired because his supervisors thought he had written an inappropriate message of some kind, but his allegations are simply too vague to tell what he means.

I will dismiss plaintiff's complaint for violating Rule 8, and give him a chance to file an amended complaint setting out his claims against defendant in short and plain statements. Plaintiff should draft his amended complaint as if he were telling a story to people who know nothing about him, defendant, or the events that are the subject of his case. In particular, plaintiff should explain whether he was an at-will or contract employee, and why he believes his termination was unlawful. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Because there is the possibility that, even after plaintiff amends his complaint, this case will involve only state law claims, I will also ask plaintiff to show whether this court may exercise diversity jurisdiction over his claims. This federal court cannot decide a case involving only state law claims unless the complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Based on his current allegations, it seems likely that both plaintiff and defendant are citizens of Wisconsin. If this is not the case, plaintiff should amend his complaint to explain both his and defendant's citizenship.

ORDER

IT IS ORDERED that:

1. Plaintiff Gary W. Broom's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until July 13, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered June 22, 2016.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge