IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WALTER BROOM,

                 Plaintiff,

v.                                                  ORDER

ATZALAN ENG. INC.,                       16-cv-262-jdp

                 Defendant.

---

    Plaintiff Gary W. Broom, a resident of Ixonia, Wisconsin, alleges that defendant Aztalan Engineering, Inc., wrongfully terminated him from his job as a machinist. In a June 22, 2016 order, I dismissed Broom's complaint under Federal Rule of Civil Procedure 8 because Broom did not explain his theory for why he was wrongfully terminated. Dkt. 4. For instance, he did not explain whether his termination was due to discrimination of some kind or that it breached an employment contract. I gave Broom a chance to provide an amended complaint explaining the reason he was terminated. Because it was possible that Broom meant to bring only state law claims against Aztalan, I also instructed him to show whether this court may exercise diversity jurisdiction over his claims by explaining whether he and Aztalan are citizens of different states.

    Broom has responded to the June 22 order with a proposed amended complaint that provides slightly more detail but still not enough to properly state claims for relief. He now states that he was fired because of his age, but he does not allege that he was over 40 years old, which is required to properly plead a claim for relief under Age Discrimination in Employment Act (ADEA). *See Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004); *Arnold v. Amazon.com Inc.*, No. 4:13-CV-00168-SEB, 2014 WL 3734359, at *2 (S.D. Ind. July 28,

2014). I will give Broom a final chance to supplement his amended complaint with an allegation that he was over 40 years old when he was terminated. If he does that, I will allow him to proceed with an ADEA claim. If Broom does not file a supplement to the amended complaint, I will dismiss the entire case for his failure to state a claim upon which relief may be granted.

Broom's amended complaint does not support any other type of claim. Broom states that he is unsure whether he was an at-will employee or was under a contract. Without Broom alleging that his termination breached a contract, I will not allow him to proceed on a state law contract claim. When he files his supplement, he is free to explain whether he believes that Aztalan breached his employment contract.

If Broom properly states both federal and state law claims for relief, the court will exercise supplemental jurisdiction over the state law claims. As I explained in the previous order, even if Broom does not state a claim under federal law, the court can consider his state law claims if he alleges that he and Aztalan are citizens of different states, and that the amount in dispute is more than $75,000. But Broom has not yet done so. If Broom intends to say that he and Aztalan are citizens of different states and that the amount in dispute is more than $75,000, this is his final chance to amend his complaint to include those allegations.

ORDER

IT IS ORDERED that plaintiff Gary W. Broom may have until December 13, 2016, to submit a supplement to his amended complaint, further explaining his claims as discussed above. If Broom fails to submit a supplement by this deadline, I will dismiss the case for his failure to state a claim upon which relief may be granted.

Entered November 22, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge