IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WALTER BROOM,

                Plaintiff,

  v.

AZTALAN ENGINEERING INC.[1]

                Defendant.

ORDER

16-cv-262-jdp

---

Plaintiff Gary W. Broom brings this lawsuit in which he alleges that defendant Aztalan Engineering Inc., wrongfully terminated him from his job as a machinist, in violation of the Age Discrimination in Employment Act (ADEA). Aztalan has filed a motion to compel Broom to produce (1) a complete response to an interrogatory asking for the names of people who have information about facts supporting his discrimination claim and the information he believes they have; (2) and written responses to Aztalan's requests for production of documents as well as the documents that respond to each request. Dkt. 16. Aztalan presents documents showing the history of its discovery requests, follow-up correspondence, and Broom's incomplete responses.

Broom did not file a formal response to the motion to compel. Instead, he filed a motion for appointment of counsel, saying that he cannot afford counsel and that Aztalan is "making demands and threats that [he is] not sure are lawful." Dkt. 20. Broom does not explain these threats in any detail or otherwise respond directly to the motion to compel.

---

[1] I have amended the caption to reflect the proper spelling of defendant's name.

I will first address Broom's motion for appointment of counsel. Broom has already provided information showing his indigence. *See* Dkt. 2. But I do not have the authority to *appoint* counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve voluntarily in that capacity. To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Broom has not provided any information showing that he has attempted to find counsel himself. That alone is enough reason to deny his motion.

Also, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Even if Broom had attached the rejection letters discussed above, I would deny his motion at this point because he does not persuade me that the case is too complicated for him to litigate on his own. At summary judgment or trial, Broom will need to present his evidence that he has been discriminated against. This is the type of claim that Broom should be able to explain on his own. Broom says that Aztalan is threatening him, but he does not explain what he means by this. Aztalan says that it has not contacted Broom outside of its discovery requests and follow-up, and the evidence submitted by Aztalan shows that its requests are reasonable. If it becomes clear at summary judgment or trial that

the complexity of the case outstrips Broom's ability to litigate it, he may renew his motion, but he will also have to show both that he has attempted to find counsel to take on the case.

I will grant Aztalan's motion to compel because it has the right to know what evidence Broom has to support his claim. I will give Broom a short time to answer Aztalan's interrogatory by (1) listing the people who have information about the alleged discrimination; and (2) explaining what information each person knows. Broom must also respond to each numbered request for production of documents by (1) stating that he will permit inspection of the documents Aztalan requests; (2) objecting to the request, explaining *specifically* why he believes that Aztalan does not have the right to obtain certain documents; or (3) stating that he does not have control over any such documents. Broom should be prepared to send copies of the requested documents to Aztalan or arrange for Aztalan to make copies of them.

Because these discovery issues remain unresolved so close to the December 1 dispositive motions deadline, I will amend the schedule and reset that deadline to January 2, 2018.

Aztalan moves under Federal Rule of Civil Procedure 37(a)(5) for reasonable expenses incurred in bring its motion. I will grant the motion, and direct Aztalan to submit an itemized accounting of its reasonable expenses. I stress the word "reasonable"—the motion to compel should not have been a difficult one to compose, so any request for anything more than a minor amount should be explained in detail. I will give Broom a chance to object.

ORDER

IT IS ORDERED that:

1. Plaintiff Gary W. Broom's motion for the court's assistance in recruiting counsel, Dkt. 20, is DENIED without prejudice.

2. Defendant Aztalan Engineering Inc.'s motion to compel discovery, Dkt. 16, is GRANTED as discussed in the opinion above. Plaintiff may have until December 8, 2017, to respond to defendant's requests.

3. Defendant's motion for reasonable expenses incurred in bringing its motion to compel, Dkt. 16, is GRANTED. Defendant may have until December 8, 2017, to submit an itemized accounting of its reasonable expenses. Plaintiff may have until December 20, 2017, to file any objections.

4. The schedule is amended to reset the dispositive motions deadline to January 2, 2018.

Entered November 28, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge